IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NANCY REED-MURRY,<br><br>                 Plaintiff,<br><br>    v.<br><br>CENTENE CORPORATION, and<br>CENTENE MANAGEMENT<br>COMPANY, LLC,<br><br>              Defendants. | 1:15-cv-731-WSD |
| CHERYL GREENFIELD and<br>STEPHANIE ROBINSON, on behalf<br>of themselves and all others similarly<br>situated,<br><br>              Plaintiffs,<br><br>    v.<br><br>CENTENE CORPORATION,<br>CENTENE MANAGEMENT<br>COMPANY, LLC, and PACE<br>STAFFING ALTERNATIVES,<br>INC.,<br><br>              Defendants. | 1:15-cv-895-AT |

## OPINION AND ORDER

This matter is before the Court on the Plaintiff Nancy Reed-Murry's, the

Centene Corporation's, and the Centene Management Company, LLC's (the

"Centene Defendants") (together, the "Parties") Joint Motion to Consolidate Cases

[12] (the "Joint Motion") filed in Reed-Murry v. Centene Corporation et al., Civil

Action No. 1:15-cv-895 (the "Reed-Murry Action").

## I.    BACKGROUND

There are currently two separate actions before this Court brought against

the Centene Defendants by different plaintiffs.  In both actions, plaintiffs challenge

the Centene Defendants' categorization of "Talent Acquisition Specialists" and

"Recruiters" as independent contractors.  Plaintiffs assert claims under the Fair

Labor Standards Act ("FLSA"), alleging they were wrongfully classified as

independent contractors and thus were denied overtime pay.

On March 22, 2015, the Reed-Murry Action was filed.  Plaintiff Reed-Murry

asserts, in her individual capacity,[1] claims under the FLSA.  Plaintiff Reed-Murry

is represented by Smith Law, LLC and Legare, Attwood & Wolfe, LLC.  The

Centene Defendants are represented by Littler Mendelson, P.C.  The Reed-Murry

Action is assigned to Judge William S. Duffey, Jr.

On March 27, 2015, Plaintiffs Cheryl Greenfield and Stephanie Robinson

(the "Greenfield Plaintiffs") filed their Complaint, asserting FLSA claims on

---

[1]     While the Complaint does not raise class allegations, Plaintiff Reed-Murry
filed a Notice of Consent to Join Form [14] in which Ms. Ninette Martin consented
to be a part plaintiff in a collective action against the Centene Defendants and other
affiliated entities.  (See [14.1] at 2).

behalf of themselves and all others similarly situated against the Centene

Defendants and Executive Business Solutions EBS, LLC, in Civil Action No.

1:15-cv-895-AT (the "Greenfield Action").  On July 1, 2015, the Greenfield

Plaintiffs filed their First Amended Complaint against the Centene Defendants and

Pace Staffing Alternatives, Inc. d/b/a Executive Business Solutions ("Pace").[2]  The

attorneys in the Greenfield Action are the same attorneys who represent the Parties

in the Reed-Murry Action.  The Greenfield Action is assigned to Judge Amy

Totenberg.

On July 22, 2015, the Parties filed the Joint Motion.  The Parties argue that

both actions concern claims under the FLSA for overtime pay, based on the alleged

misclassification of plaintiffs and the class of persons they allege to represent.

(Joint Motion at 4).  The parties in both actions agree the Greenfield Action should

be consolidated with the Reed-Murry Action.  (Id. at 2 n.1, 4-5).

## II.    DISCUSSION

The Reed-Murry Action and the Greenfield Action both arise out of the

Centene Defendants alleged FLSA violations resulting from their classification of

certain "Talent Acquisition Specialists" and "Recruiters" as independent

---

[2]      Pace is alleged to be the staffing agency through which the Centene
Defendants hired the Greenfield Plaintiffs.  Executive Business Solutions EBS,
LLC is not named as a defendant in the First Amended Complaint.

contractors, and their compensation practices for these individuals.  The plaintiffs in both actions seek to recover unpaid overtime wages, liquidated damages, and attorneys' fees.  The Reed-Murry Action and the Greenfield Action both concern the same issues and arise out of the Centene Defendants' decision to classify their "Talent Acquisition Specialists" and "Recruiters" as independent contractors, and, thus, are related cases.  The Court directs the Clerk of Court to transfer the Greenfield Action to Judge Duffey.

A.     Consolidation of the Actions

Rule 42 of the Federal Rules of Civil Procedure provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).  "A district court's decision under Rule 42(a) is purely discretionary," but trial judges are encouraged to use the rule "to expedite the trial and eliminate unnecessary repetition and confusion."  Melgarejo v. Nationstar Mortgage LLC, No. 1:12-CV-01494-RWS, 2012 WL 5077363, at *1 (N.D. Ga. Oct. 17, 2012) (quoting Hendrix v. Raybestos–Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985)).

The Greenfield Action should be consolidated into the Reed-Murry Action. The complaints in the actions raise the same or substantially similar claims, arise

out of the Centene Defendants alleged misclassification of their "Talent Acquisition Specialists" and "Recruiters" as independent contractors, and the plaintiffs in both actions seek to be classified as employees and paid overtime pay in accordance with the FLSA.  See Hargett v. Valley Fed. Sav. Bank, 60 F.3d 754, 765-66 (11th Cir. 1995) (The proper solution to problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court would be to consolidate them under Rule 42(a)).  The Court directs the Clerk of Court to consolidate the Greenfield Action with the Reed-Murry Action, and to administratively close the Greenfield Action.

   B.    Appointment of  Interim Counsel for Plaintiffs

   Rule 23(g) of the Federal Rules of Civil Procedure provides that "a court that certifies a class must appoint class counsel."  Fed. R. Civ. P. 23(g)(1).  Class counsel "must fairly and adequately represent the interests of the class" and, in appointing class counsel, the Court must consider:

   (i) the work counsel has done in identifying or investigating potential claims in the action;

   (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

   (iii) counsel's knowledge of the applicable law; and

   (iv) the resources that counsel will commit to representing the class

Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv), (2), (4).

The Court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Plaintiff Reed-Murry and the <u>Greenfield</u> Plaintiffs both engaged Ms. Smith and Mr. Smith, III, of Smith Law, LLC, and Ms. Attwood and Mr. Wolfe of Legare, Attwood & Wolfe, LLC, to represent them. The Court appoints these firms as Interim Counsel.[3]

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Clerk of Court transfer Civil Action No. 1:15-cv-895 from Judge Totenberg to Judge Duffey.

**IT IS FURTHER ORDERED** that the Clerk of Court consolidate Civil Action No. 1:15-cv-895 with Civil Action No. 1:15-cv-731. The Clerk of Court is **DIRECTED** to **ADMINISTRATIVELY CLOSE** Civil Action No. 1:15-cv-895. The parties shall file pleadings, motions, or other papers only in Civil Action No. 1:15-cv-731.

---

[3] The Court, if it decides to certify the class, will consider, at that time, whether Smith Law, LLC and Legare, Attwood & Wolfe, LLC are qualified, under Rule 23(g)(1), to be class counsel.

**IT IS FURTHER ORDERED** that Smith Law, LLC and Legare, Attwood & Wolfe, LLC are appointed as Interim Counsel.

**IT IS FURTHER ORDERED** that Interim Counsel shall, on or before January 4, 2016, file an Amended Complaint consolidating the claims and the parties in the now consolidated action.  Any defendants named in the Amended Complaint shall have thirty (30) days from the date the Amended Complaint is filed to file an answer or to otherwise respond.

**SO ORDERED** this 18th day of December, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE